IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RAQUEL A., | ) |
|     Plaintiff, | ) No. 21 C 5764 |
| v. | ) Magistrate Judge M. David Weisman |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security, | ) |
|     Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Raquel A. appeals the Acting Commissioner's decision denying her application for Social Security benefits. For the reasons set forth below, the Court reverses the Acting Commissioner's decision.

### Background

On May 29, 2019, plaintiff filed an application for benefits, which was denied initially, on reconsideration, and after a hearing. (R. 102-12, 154-223.) The Appeals Council declined review (R. 1-4), leaving the ALJ's decision as the final decision of the Acting Commissioner reviewable by this Court pursuant to 42 U.S.C. § 405(g). *See Villano v. Astrue*, 556 F.3d 558, 561-62 (7th Cir. 2009).

### Discussion

The Court reviews the ALJ's decision deferentially, affirming if it is supported by "[s]ubstantial evidence," *i.e.*, "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Gedatus v. Saul*, 994 F.3d 893, 900 (7th Cir. 2021) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). "[W]hatever the meaning of 'substantial' in

other contexts, the threshold for such evidentiary sufficiency is not high." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019).

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The regulations prescribe a five-part sequential test for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520(a), 416.920. The Acting Commissioner must consider whether: (1) the claimant has performed any substantial gainful activity during the period for which she claims disability; (2) the claimant has a severe impairment or combination of impairments; (3) the claimant's impairment meets or equals any listed impairment; (4) the claimant retains the residual functional capacity to perform ("RFC") her past relevant work; and (5) the claimant is able to perform any other work existing in significant numbers in the national economy. *Id.*; *see Zurawski v. Halter*, 245 F.3d 881, 885 (7th Cir. 2001).

At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity since August 20, 2016, the alleged disability onset date. (R. 104.) At step two, the ALJ found that plaintiff has the severe impairments of obesity, arthralgias/myalgias, massive rectus diastasis, and unspecified depressive disorder. (*Id.*) At step three, the ALJ found that plaintiff's impairments do not meet or medically equal a listed impairment. (R. 105.) At step four, the ALJ found that plaintiff cannot perform any past relevant work but has the RFC to perform sedentary work with certain exceptions. (R. 106-10.) At step five, the ALJ found that jobs exist in significant numbers in the national economy that plaintiff can perform, and thus she is not disabled. (R. 111-12.)

Plaintiff first contests the ALJ's mental RFC, which "limit[s] [plaintiff] to simple and routine, unskilled, 1-3 step instructions." (R. 106.) Plaintiff contends that the RFC is flawed because it does not incorporate the opinions of the state agency reviewers, who concluded, among other things, that plaintiff "has the cognitive capacity to perform and sustain one and two-step tasks of a routine and repetitive type." (R. 182, 202.) The ALJ said:

> The State agency opinions . . . posit moderate limitations in the functional areas of the abilities to understand, remember or apply information and concentration, persistence or pace. The mental status examinations document intact cognition and the claimant is the sole caretaker of her 5 children. The undersigned finds moderate limitations in concentration, persistence or pace only and, therefore, finds the State agency opinions only somewhat persuasive.

(R. 110.) Plaintiff contends that the ALJ failed to explain why she rejected the agency reviewers' RFC or provide support for the RFC she fashioned, which is error.

"[A]n ALJ is not required to fully adopt any physician's opinion in developing the RFC[,]" but "the ALJ's RFC assessment must contain a narrative discussion describing how the evidence supports the ALJ's conclusions and explaining why any medical source opinion was not adopted." *Myles v. Berryhill*, No. 17 C 4884, 2018 WL 3993731, at *3 (N.D. Ill. Aug. 21, 2018). "The omission of a narrative discussion is sufficient to warrant reversal of the ALJ's decision." *Id.* Here, the ALJ's explanation for partially rejecting the reviewers' opinions that plaintiff is limited to performing one-and-two-step tasks is that plaintiff is the sole caretaker of her five children and her cognition is intact. (R. 110.) While admittedly terse, that explanation is sufficient to satisfy the substantial evidence standard endorsed by the Supreme Court. *See Biestek*, 139 S. Ct. at 1154.

Alternatively, plaintiff argues that the ALJ has no support for the one-to-three-step task limitation. Though it is the ALJ's prerogative to determine the RFC, *see Fanta v. Saul*, 848 F. App'x 655, 658 (7th Cir. 2021), the ALJ cannot ignore evidence that contradicts it. Such is the case here, plaintiff says, because the ALJ ignored evidence that supports a more restrictive

3

limitation to one-to-two-step jobs. Most of the evidence to which plaintiff refers, however, are her own symptom reports. (*See* R. 137-38 (plaintiff's hearing testimony); R. 376-77, 386 (plaintiff's function report); R. 762 (self-reported symptoms); R. 767 (self report of depression); R. 1364 (self report of depression).) The remaining evidence is two medical records noting that plaintiff was teary or anxious. (*See* R. 593 (noted to be tearful); R. 818-19 (noted to be "nervous/anxious").) In addition to being sparse, the evidence plaintiff cites does not show that her alleged conditions "support specific limitations affecting her capacity to work." *Weaver v. Berryhill*, 746 F. App'x 574, 579 (7th Cir. 2018). As a result, it is not a basis for remand.

Plaintiff also argues that the ALJ failed to address the agency reviewers' opinions about her social limitations. The reviewers found that plaintiff had no limitation in the so-called B criterion of interacting with others. (*See* R. 176, 194.) As plaintiff points out, however, in the mental RFCs, the reviewers said plaintiff "would do best in a socially undemanding and restricted setting that requires reduced interpersonal contact, away from the public." (R. 183, 219.) The ALJ did not incorporate that limitation in her hypotheticals to the vocational expert and did not explain why she omitted it. Thus, it is not clear that the jobs the ALJ concluded plaintiff can perform can be done away from the public. (R. 149-52.) Accordingly, the ALJ's failure to address the agency reviewers' mental RFC about plaintiff's ability to interact with the public is error.

4

**Conclusion**

For the reasons set forth above, the Court reverses the Acting Commissioner's decision, denies the Acting Commissioner's motion for summary judgment [16], remands this case pursuant to the fourth sentence of 42 U.S.C. § 405(g) for further proceedings, and terminates this case.

**SO ORDERED.**                    **ENTERED:  January 4, 2023**


                                    _____
                                    **M. David Weisman**
                                    **United States Magistrate Judge**